UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **TIMOTHY N. ALBERT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-468-BAJ-EWD** |
| **ERIC T. DAVIS, ET AL.** | |

**RULING AND ORDER ON UNOPPOSED MOTION TO INTERVENE**

Before the Court is a Motion to Intervene filed by the State of Louisiana, Office of the Governor, Division of Administration, Office of Risk Management ("ORM").[1] ORM seeks to intervene in this suit pursuant to Fed. R. Civ. P. 24(a). ORM asserts that it obtained consent to file the Motion from counsel for the Plaintiff and counsel for the Defendants.[2]

For the reasons set forth herein, ORM's Motion to Intervene is **GRANTED.**[3]

**I. Background**

On or about June 13, 2016, Plaintiff filed suit in state court against Eric Davis, Fred Netterville Lumber Company, Inc. (erroneously designated as Fred Netterville Lumber Company, LLC)[4], and Pennsylvania Lumbermens Mutual Insurance Company (collectively "Defendants"), seeking damages for injuries he allegedly suffered as a result of a car accident that occurred on July 21, 2015.[5] Plaintiff asserts that at the time of the accident, he was a passenger in a vehicle that was operated by Levy B. Brown, but which was parked on United States Highway 61. Plaintiff

---

[1] R. Doc. 6.
[2] *Id*. at 3.
[3] Magistrate judges may "hear and determine" non-dispositive pre-trial motions pursuant to 28 U.S.C. § 636(b)(1)(A). "A motion to intervene is considered a non-dispositive motion." *Johnson v. Qualawash Holdings, LLC*, 2013 WL 3050021, at *2 (W.D. La. June 17, 2013) (citing *S.E.C. v. Koirnman*, 2006 WL 148733, at *2 (N.D. Tex. Jan. 18, 2006)). *See also, Stephens v. State Farm and Cas. Co*., 2010 WL 1292719, at *3 (E.D. La. March 8, 2010) ("The portion of Road Home's motion seeking leave to intervene is a non-dispositive matter which I may address by order.").
[4] *See,* R. Doc. 5 at 1.
[5] R. Doc. 1-3 at 1-2.

alleges that the accident occurred when Davis negligently veered into the south shoulder of U.S. Highway 61 and rear-ended the vehicle operated by Brown, causing Plaintiff to sustain severe and permanent injuries.[6]

On July 15, 2016, Defendants removed this suit on the basis of diversity jurisdiction.[7] In the Notice of Removal, Defendants allege that Plaintiff is a citizen of Louisiana, Eric Davis is a citizen of Mississippi, Fred Netterville Lumber Company, Inc. is a Mississippi corporation with its principal place of business in Mississippi, and Pennsylvania Lumbermens Mutual Insurance Company is a Pennsylvania corporation with its principal place of business in Pennsylvania.[8] Although the proposed Complaint of Intervention does not allege the citizenship particulars of ORM, by definition ORM is the State of Louisiana, Office of the Governor, Division of Administration, Office of Risk Management. *See,* La. R.S. 39:1528; La. R.S. 36:4(B)(1)(a). Thus, for purposes of 28 U.S.C. § 1332, ORM's citizenship is Louisiana. Since ORM's cause of action is one of reimbursement from a third-party tortfeasor for all past and future workers' compensation payments payed to and/or on behalf of Plaintiff, ORM should be aligned as a party plaintiff in this matter. *See, Paxton v. Kirk Key Interlock Co., LLC*, 2008 WL 4977299, at *7 (M.D. La. Oct. 21, 2008), *report and recommendation adopted in part, rejected in part on other grounds*, 2008 WL 5043428, at *2 (M.D. La. Nov. 21, 2008); *See also, Dushane v. Gallagher Kaiser Corp.*, 2005 WL 1959151 (W.D. La. Aug. 10, 2005) (holding that an injured worker's employer that was seeking reimbursement from a third-party tortfeasor for worker's compensation benefits paid should be aligned with the plaintiffs, as it was in the employer's interest for plaintiffs to maximize their

---

[6] *Id.*
[7] R. Doc. 1. Defendants allege that removal is timely because Pennsylvania Lumbermens Mutual Insurance Company was served with a copy of the state proceeding through the Secretary of State on June 20, 2016 and that service was attempted on the remaining defendants through an agent for service of process or through Louisiana's Long Arm Statute, but that service on those defendants has either not been completed or has been completed less than 30 days prior to the filing of the Notice of Removal. (*Id.* at 1).
[8] *Id.* at 2.

recovery against the defendants and thereby increase the potential for the employer to recover all of the worker's compensation benefits it had paid to the plaintiffs)). Accordingly, ORM's intervention in this suit will not destroy the Court's subject matter jurisdiction.

According to the Motion to Intervene, Plaintiff was employed by the State of Louisiana through the Department of Transportation and Development ("DOTD") at the time of the accident.[9] The proposed Complaint of Intervention further alleges that the accident occurred while Plaintiff was "engaged in employment with [DOTD]."[10] ORM alleges that as a result of the accident, Plaintiff sustained injuries requiring medical treatment and payment of weekly benefits, as provided for under the provisions of the Louisiana Workers' Compensation Act. ORM further asserts that as a result of the accident and injuries sustained by Plaintiff, ORM has made indemnity payments and medical payments to and/or on behalf of Plaintiff in accordance with the Louisiana Workers' Compensation Act and, therefore, ORM has an interest in the outcome of this litigation.[11] ORM claims that as of August 10, 2016, it has paid $40,070.35 in workers' compensation medical benefits and $31,925.17 in workers' compensation indemnity benefits to and/or on behalf of Plaintiff, and ORM may be required to make additional workers' compensation payments in the future.[12] ORM asserts that it is subrogated to all rights of Plaintiff to the full extent of workers' compensation benefits previously paid and to be paid in the future, and ORM is "entitled to recover such sums by preference out of any payment obtained by [Plaintiff] by compromise or judgment in this action."[13] ORM also alleges that it is subrogated to all rights and actions to which its

---

[9] R. Doc. 6 at 2.
[10] R. Doc. 6-1 at 2. The Petition of Intervention filed in the state proceeding, which is attached to Defendants' Supplemental Notice of Removal (R. Doc. 5), similarly alleges that Plaintiff was in the course and scope of his employment at the time of the accident. (*See,* R. Doc. 5-1 at 4).
[11] R. Doc. 6-1 at 3.
[12] *Id.*
[13] *Id*. at 4.

insured, DOTD, is entitled by virtue of La. R.S. 23:1162(d).[14] ORM further asserts that it is entitled to legal interest on all sums paid to Plaintiff as workers' compensation benefits from the date of judicial demand.

## II. Law and Analysis

ORM seeks to intervene in this suit under Fed. R. Civ. P. 24(a).[15] That section provides that on "timely motion" the court must permit intervention by anyone who is either (1) given an unconditional right to intervene by federal statute; or (2) "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). ORM does not assert that a federal statute grants it an unconditional right to intervene; instead, it moves for intervention under Fed. R. Civ. P. 24(a)(2).[16]

### A. Timeliness of the Motion to Intervene

"Whether leave to intervene is sought under section (a) or (b) of Rule 24, the application must be timely." *Stallworth v. Monsanto Co.*, 558 F.2d 257, 263 (5th Cir. 1977). The timeliness of a motion to intervene is a matter committed to the sound discretion of the trial court. *McDonald v. E.J. Lavino*, 430 F.2d 1065, 1071 (5th Cir. 1970). Timeliness "is not limited to chronological considerations but 'is to be determined from all the circumstances.'" *Stallworth*, 558 F.2d at 263 (quoting *United States v. United States Steel corp.*, 548 F.2d 1232, 1235 (5th Cir. 1977)). The Fifth Circuit has set forth four factors to consider when evaluating whether a motion to intervene

---

[14] *Id.*
[15] R. Doc. 6-1 at 2.
[16] *Id.* at 3 ("As a direct result of the accident and injuries sustained by Timothy Albert, Plaintiff-in-Intervention has made indemnity payments and medical payments to and/or on behalf of Timothy Albert in accordance with the Louisiana Workers' Compensation Act and has an interest in the outcome of this litigation.").

4

is timely: (1) the length of time during which the proposed intervenor should have known of his interest in the case before he petitioned to intervene; (2) the extent of prejudice that those parties already in the litigation would suffer "as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case;" (3) the extent of prejudice to the proposed intervenor if he is not allowed to intervene; and (4) the existence of "unusual circumstances militating either for or against a determination that the application is timely." *Ross v. Marshall*, 426 F.3d 745, 754 (5th Cir. 2005) (citing *Stallworth*, 558 F.2d at 264-266).

Here, Plaintiff filed this suit in state court on or about June 13, 2016.[17] Defendants removed the case to this Court on July 15, 2016.[18] ORM first sought leave to intervene in this matter on August 11, 2016.[19] No party has asserted that the Motion to Intervene is untimely. More importantly, however, this suit is still in its early stages. The Court has not yet held a scheduling conference, nor has the Court issued a scheduling order.[20] There is currently no trial date set in this case. Accordingly, the Court finds ORM's Motion to Intervene to be timely.

### B. Intervention of Right

According to Fed. R. Civ. P. 24(a)(2), a party is entitled to intervene in a pending lawsuit when: (1) the motion to intervene is timely; (2) the potential intervenor asserts an interest that is related to the property or transaction that is the subject of the action in which he seeks to intervene; (3) the potential intervenor is so situated that disposition of the case may as a practical matter impair or impede his ability to protect his interest; and (4) the parties already in the action do not

---

[17] R. Doc. 1-3.
[18] R. Doc. 1.
[19] R. Doc. 6.
[20] A Scheduling Conference was set for September 14, 2016, but on September 12, 2016, the Court issued a Notice to Counsel cancelling the Scheduling Conference. (R. Doc. 8). The Notice to Counsel further provides that, "The court will issue a scheduling order." *Id*. As of the date of this Order, the Court has not issued a scheduling order in this case.

adequately protect the potential intervenor's interest.  *Ford v. City of Huntsville*, 242 F.3d 235, 239 (5th Cir. 2001).  As discussed above the Court finds ORM's Motion to Intervene to be timely.

Pursuant to the Louisiana Workers' Compensation Act, "[i]f either the employee . . . or the employer or insurer brings suit against a third person . . . he shall forthwith notify the other in writing of such fact and of the name of the court in which the suit is filed, and such other may intervene as party plaintiff in the suit." La. R.S. 23:1102(A)(1).  "Although the statute provides that the other *may* intervene as a party plaintiff if either the employee or the employer brings suit against a third person (tortfeasor), the jurisprudence holds that an employer's failure to intervene in a suit filed by the employee, after proper notice, bars the employer from bringing a separate suit against a third party tortfeasor." *Houston General Ins. Co. v. Commercial Union Ins. Co*., 649 So. 2d 776, 782 (La. App. 1 Cir. 1994) (citing *Roche v. Big Moose Oil Field Truck Service*, 381 So. 2d 396, 401 (La. 1980) ("If an employee files suit for damages from a third party tortfeasor, an employer seeking reimbursement of compensation paid must intervene in the pending lawsuit . . . .")) (emphasis in original). *See also, Chevalier v. Reliance Ins. Co. of Illinois*, 953 F.2d 877, 883 (5th Cir. 1992) ("There is no doubt that, under Louisiana law, a compensation carrier or employer must generally be a party to the suit between a tortfeasor's carrier and tort plaintiff in order to collect reimbursement for workers' compensation from the successful tort plaintiff's judgment."); *Senac v. Sandefer*, 418 So. 2d 543, 545 n.1 (La. 1982) ("The employer's compensation insurer failed to intervene in this action and is thus barred from claiming reimbursement of the benefits paid to the plaintiff."); *Allstate Indem. Co. v. Knighten*, 30,012, p.2 (La. App. 2 Cir. 12/10/97), 705 So. 2d 240, 242 ("While the statutory language is *permissive* regarding intervention by the party who is not a party-plaintiff in the action against the third-party, the case law suggests that an employer or its insurer *must* intervene in a third-party suit filed by the employee in order to assert

its rights against the third-party tortfeasor or otherwise be barred from instituting a separate action to assert those rights.") (emphasis in original).

"In light of this jurisprudence, district courts in this circuit have found that workers' compensation insurers who have paid a plaintiff workers' compensation benefits are intervenors of right." *Williams v. Brand Energy & Infrastructure Servs., Inc.,* No. 16-120, R. Doc. 26 (M.D. La. July 15, 2016); *See, Johnson v. Qualawash Holdings, LLC*, 990 F. Supp. 2d 629, 640 (W.D. La. 2014) (dismissing action after finding workers' compensation insurer to be an indispensable non-diverse party and explaining that insurer "has already made payments to the plaintiff in this matter pursuant to its policy of insurance . . . . Under Louisiana law, if [insurer] does not intervene in this suit, it loses its right to recover from any third party tortfeasors under Louisiana's workers' compensation scheme."); *Youngblood v. Rain CII Carbon, LLC*, 2014 WL 2547588, at *3 (W.D. La. June 4, 2014) (plaintiff's statutory employer and workers' compensation insurer were both intervenors of right because, unless they were allowed to intervene, they would lose their right to reimbursement.). Here, ORM alleges that it has paid workers' compensation medical benefits and workers' compensation indemnity benefits under the Louisiana Workers' Compensation Act to and on behalf of Plaintiff. Unless ORM is allowed to intervene, it will lose its right to reimbursement. Accordingly, the Court finds ORM to be an intervenor of right under Fed. R. Civ. P. 24(a)(2).[21]

---

[21] No party contends, and the Court does not find, that ORM's interests are adequately represented by either Plaintiff or Defendants in this suit. Like Plaintiff, ORM has an interest in maximizing recovery against Defendants. *See, Dushane v. Gallagher Kaiser Corp.*, 2005 WL 1959151, at *6 (W.D. La. Aug. 10, 2005) ("After careful consideration, the court finds GM is more properly considered an intervenor-plaintiff. If allowed to intervene, GM no doubt will align itself with Plaintiffs, as it is in GM's interest for Plaintiffs to maximize their recovery against Defendants and thereby increase the potential for GM to recover all of the worker's compensation benefits it already has paid Plaintiffs. The less Plaintiffs recover, the less reimbursement GM will receive. If Plaintiffs had not filed a suit at all, and GM filed its own suit against Defendants to seek reimbursement, GM would be considered a plaintiff in every sense of the word."). However, the recovery sought by ORM (reimbursement for past payments in the amount of $71,995.52 plus any and all additional workers' compensation benefits paid to and/or on behalf of Plaintiff in the future) is separate from Plaintiff's damage claim.

### III. Conclusion

For the reasons set forth herein, the State of Louisiana, Office of the Governor, Division of Administration, Office of Risk Management's unopposed Motion to Intervene[22] is **GRANTED.**

Accordingly,

**IT IS HEREBY ORDERED** that the State of Louisiana, Office of the Governor, Division of Administration, Office of Risk Management's Complaint of Intervention[23] shall be filed into the record in this matter.

Signed in Baton Rouge, Louisiana, on September 15, 2016.

*Erin Wilder-Doomes*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[22] R. Doc. 6.
[23] R. Doc. 6-1.